# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

|   |   |   |
|---|---|---|
| 1.  KENNARD BAKER, | ) | |
| 2.  KIRBY SLUPE, | ) | |
| 3.  ESTATE OF LARRY KIOUS, | ) | |
| 4.  PAUL LITTLE, | ) | |
| 5.  JERRY BRYANT, | ) | |
| 6.  RUTH SALAZAR, | ) | |
| 7.  KENNETH STANLEY, | ) | |
| 8.  DANNY ELKINS, and | ) | |
| 9.  LEROY RUEUDAZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-22-478-JD |
| | ) | |
| 1.  JOHNSON & JOHNSON and | ) | |
| 2.  ETHICON, INC., | ) | |
| 3.  C.R. BARD a/k/a C.R. BARD | ) | |
| DAVOL DIVISION and | ) | |
| 4.   COVIDIEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Johnson & Johnson and Ethicon, Inc. (collectively, "Removing Defendants") remove this action styled *Kennard Baker, Kirby Slupe, Estate of Larry Kious, Paul Little, Jerry Bryant, Ruth Salazar, Kenneth Stanley, Danny Elkins, and Leroy Rueudaz v. Johnson & Johnson and Ethicon, Inc., C.R. Bard a/k/a C.R. Bard, Davol Division and Covidien* from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma.

As explained below, the United States District Court for the Western District of Oklahoma has original subject-matter jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.* because complete diversity exists between Plaintiffs and all properly joined Defendants, and it is facially apparent from the Petition that the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

## I.     THE STATE COURT ACTION

1.     On February 18, 2020, Plaintiffs filed a Petition styled *Kennard Baker, Kirby Slupe, and Larry Kious v. Johnson & Johnson, Ethicon, Inc., and C.R. Bard a/k/a C.R. Bard, Davol Division* in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2020-967. *See* Ex. 1, Pet.

2.     On January 4, 2022, Plaintiffs filed an Amended Petition styled *Kennard Baker, Kirby Slupe, Estate of Larry Kious, Paul Little, Jerry Bryant, Ruth Salazar, Kenneth Stanley, Danny Elkins, and Leroy Rueudaz v. Johnson & Johnson and Ethicon, Inc., C.R. Bard a/k/a C.R. Bard, Davol Division and Covidien* in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2020-967. *See* Ex. 2, Am. Pet.  Accordingly, all state court pleadings are attached hereto as follows:  (1) Return of Service of Johnson & Johnson, Ex. 3, and (2) Return of Service of Ethicon, Inc., Ex. 4.

3.     Plaintiff Kennard Baker asserts claims for product liability, negligence, and breach of warranty arising from his alleged implantation on February 1, 2010, with an unspecified hernia mesh medical device manufactured by an unspecified Defendant . *Id.* ¶¶ 12–20.  He further alleges that as a result of the implantation of the unspecified product, he "continues to have problems caused by the product" and his injuries are "permanent."

*Id.* ¶ 14–15. In the "WHEREFORE" paragraph under Paragraph 20, he prays for a judgment "in a sum in excess of Seventy-Five Thousand Dollars ($75,000) and punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000), together with interest thereon, reasonable attorney fees and the costs of this action . . . ."[1]

4.     Plaintiff Kirby Slupe asserts claims for product liability, negligence, and breach of warranty arising from his alleged implantation of Physiomesh, a prescription hernia mesh medical device designed, manufactured, and sold by Ethicon, Inc. that a physician allegedly surgically implanted into his body on September 22, 2015. *Id.* ¶¶ 21–28.

5.     Plaintiff Estate of Larry Kious asserts claims for product liability, negligence, and breach of warranty arising from Mr. Kious's alleged implantation of Bard 3D Max Mesh that a physician allegedly surgically implanted into his body on August 26, 2009. *Id.* ¶¶ 29–36.

6.     Plaintiff Paul Little asserts claims for product liability, negligence, and breach of warranty arising from his alleged implantation of two unspecified mesh devices manufactured by unspecified Defendants that a physician allegedly surgically implanted into his body on December 5, 2017. *Id.* ¶¶ 37–45.

7.     Plaintiff Jerry Bryant asserts claims for product liability, negligence, and breach of warranty arising from his alleged implantation of "a defective bilateral Covidien

---

[1] Each Plaintiff makes the same prayer for relief.

mesh devices [sic]," that a physician allegedly surgically implanted into his body on March 2, 2021. *Id.* ¶¶ 46–53.

8.     Plaintiff Ruth Salazar asserts claims for product liability, negligence, and breach of warranty arising from her alleged implantation of an unspecified hernia mesh device manufactured by an unspecified Defendant that was surgically implanted at an unspecified date. *Id.* ¶¶ 54–62.

9.     Plaintiff Kenneth Stanley asserts claims for product liability, negligence, and breach of warranty arising from his alleged implantation of "Bard VASC devices for hernia repair," that a physician allegedly surgically implanted into his body in April of 2018. *Id.* ¶¶ 63–71.

10.     Plaintiff Danny Elkins asserts claims for product liability, negligence, and breach of warranty arising from his alleged implantation of an unspecified hernia mesh device manufactured by an unspecified Defendant that a physician allegedly surgically implanted into his body on February 12, 2021. *Id.* ¶¶ 72–80.

11.     Plaintiff Leroy Ruedaz asserts claims for product liability, negligence, and breach of warranty arising from his alleged implantation of an unspecified hernia mesh device manufactured by an unspecified Defendant that a physician allegedly surgically implanted into his body in May of 2018. *Id.* ¶¶ 81–89.

12.     Plaintiffs' Estate of Larry Kious and Stanley's claims against the C. R. Bard, Inc., erroneously sued as C. R. Bard a/k/a C. R. Bard Davol Division (hereinafter "Bard") are similar to numerous cases across the country involving hernia mesh products manufactured by Bard, which have been removed to federal court and transferred to a

Multidistrict Litigation ("MDL") proceeding in the United States District Court for the Southern District of Ohio. *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, MDL No. 2846. Plaintiff Slupe's claims involving Physiomesh are similar to numerous cases across the country involving Physiomesh which have been removed to federal court and transferred to a Multidistrict Litigation ("MDL") proceeding in the United States District Court for the Northern District of Georgia. *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, 2017 WL 2402828 (J.P.M.L. June 2, 2017) (Transfer Order granting centralization of MDL No. 2782 ("Physiomesh MDL"). Upon removal, Removing Defendants shall promptly request that the United States Judicial Panel on Multidistrict Litigation ("JPML") transfer this action to MDL 2846 pursuant to the "tag-along" procedure contained in the JPML Rules. *See* 28 U.S.C. § 1407.

13. Pursuant to 28 U.S.C. § 1446 (a) and LCvR 81.2, a copy of the docket sheet is attached hereto as Ex. 5.

## II.  REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL SUBJECT-  MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

14. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states, in which the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

## A.      The Amount-in-Controversy Requirement is Satisfied.

15.      Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount-in-controversy exceeds $75,000, exclusive of interest and costs, as set forth in 28 U.S.C. § 1332(a).[2]

16.      "To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *C&S Roofing and Fencing, LLC v. State Farm and Cas. Co.*, No. CIV-15-527-M, 2015 WL 4770857, at *1 (W.D. Okla. Aug. 12, 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owen*, 574 U.S. 81, 83 (2014)). The party seeking removal must satisfy this requirement by making "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89; *see also McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional facts that ma[ke] it possible that $75,000 [is] in play.").

17.      "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," 28 U.S.C. § 1446(c)(2), absent exceptions not applicable

---

[2] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758.  According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied.  The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it."  H.R. Rep. No. 112-10, at 15 (2011).  Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met."  *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014) (explaining the Act).

here. *See Dart*, 574 U.S. at 84 ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'") (quoting 28 U.S.C. § 1446(c)(2))); *see also Weist v. Davol, Inc.*, No. CIV-14-668-D, 2014 WL 3784268, at *1 (W.D. Okla. July 31, 2014) (finding that the amount-in-controversy was satisfied by the plaintiff's request for relief in excess of $75,000).

18.     The Oklahoma Pleading Code requires that plaintiffs who demand a monetary judgment in excess of $75,000 "shall, *without demanding any specific amount of money*, set forth only that the amount sought as damages in excess of the amount required for diversity jurisdiction . . . , except in actions sounding in contract." Okla. Stat. Ann. tit. 12, § 2008(A)(2) (emphasis added). Conversely, "[e]very pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction . . . or less *shall specify* the amount of such damages sought to be recovered." *Id.* (emphasis added). Here, each Plaintiff explicitly seeks "actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000)." Ex. 2. Am. Pet., at 4, 6 8, 10, 12, 14, 16, 18, 20. Therefore, it is facially apparent from the Amended Petition that the amount-in-controversy requirement is satisfied as to each individual Plaintiff.

19.     In addition, the nature of the allegations in the Petition establishes that the amount-in-controversy in this case exceeds $75,000, exclusive of interest and costs. *See Heather v. Air Methods Corp.*, Case No. CIV-16-843-R, 2016 WL 7109675, at *1 (W.D. Okla. Dec. 6, 2016) (recognizing that a plaintiff's complaint is "an acceptable method for establishing the amount in controversy requirement.").

20.     Plaintiffs claim as a result of the surgical implant of the hernia mesh products at issue in this case they either to have problems or have suffered severe pain caused by the products. Ex. 2., Am. Pet., ¶¶ 14, 23, 30, 38, 47, 55, 64, 73, 82. Their injuries include "excruciating mental and physical pain and suffering; diminished mental capacity; loss of income; . . . medical bills . . . , loss of enjoyment of life, and permanent impairment to [their bodies] as a whole." *Id.* at ¶¶ 18, 26, 34, 40, 51, 60, 69, 78, 87. It is widely recognized that personal injury claims similar to those raised by Plaintiffs facially meet the $75,000 jurisdictional threshold. *See, e.g.*, *Hammarland v. C.R. Bard, Inc.*, Case No. 2:15-cv-05506-SVW-JEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) (denying remand in case involving hernia-mesh product and citing cases "involving severe injuries, especially those requiring surgery," in which "courts have found it facially apparent from the complaint that the amount in controversy is satisfied"); *Cole v. Medtronic*, No. 3:14-cv-381-DJH, 2015 WL 1638439, at *3 (W.D. Ky. Apr. 13, 2015) (finding that "the Court is confident that the case involves more than $75,000" given the "serious, complex, and expensive to treat" nature of plaintiff's alleged injuries and the potential for a large award of punitive damages); *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *Boudreaux v. Daimler Chrysler Corp.*, No. Civ. A. 00-2054, 2001 WL 290157, at *3 (E.D. La. Mar. 22, 2001) (holding that "alleged damages can easily support the requisite monetary basis for federal jurisdiction" where plaintiff sought compensation for medical expenses, pain and suffering, mental anguish, and lost wages).

21.     Each Plaintiff also seeks punitive damages in excess of $75,000, which must be considered in determining the amount-in-controversy. Ex. 2, Am. Pet., at 4, 6 8, 10, 12, 14, 16; *see Hockenbury v. Hanover Ins. Co.*, Case No. CIV-15-1003-D, 2016 WL 54213, at *3 (W.D. Okla. Jan. 5, 2016) ("[T]he Court must consider not only the Petition's allegations, but also [Plaintiff's] request for, and the availability of, punitive damages . . .") (citing *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242 (10th Cir. 2012)). Oklahoma law allows, at a minimum, for the recovery of punitive damages in an amount not to exceed the greater of $100,000 or the amount of actual damages in the event the jury finds that "[t]he defendant has been guilty of reckless disregard for the rights of" Plaintiffs. *See* Okla. Stat. Ann. tit. 23, § 9.1(B)(1).

22.     In short, considering the nature of the injuries Plaintiffs allege and their individual requests for both compensatory and punitive damages in excess of the federal jurisdictional threshold, it is clear that the amount-in-controversy requirement of $75,000, exclusive of interest and costs, is met.[3]

### B.     Complete Diversity of Citizenship Exists Between Plaintiffs and Defendants.

23.     Complete diversity exists pursuant to 28 U.S.C. § 1332(a) because none of the defendants are citizens of the same state as any of the plaintiffs in this case.

24.     Plaintiffs Baker, Slupe, Kious, Little, Bryant, Salazar, Stanley, and Ruedaz were resident citizens of the State of Oklahoma at the time of filing the Amended Petition

---

[3] In the event Defendants' amount-in-controversy allegation is questioned, the court must provide the parties with an opportunity to submit evidence and then decide whether the preponderance of the evidence shows that the amount in controversy is met. *See Dart*, 574 U.S. at 88.

and at the time of the filing of this Notice of Removal. Ex. 2, Am. Pet., ¶¶ 1, 2, 3, 4, 5, 6, 7, 9.[4]

25.     Plaintiff Elkins was a resident citizen of the State of Texas at the time of his filing of the Amended Petition and at the time of the filing of this Notice of Removal. *Id.*, at ¶ 2.

26.     For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in New Brunswick, New Jersey.

27.     For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ethicon, Inc. is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in Somerville, New Jersey.

28.     For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Bard is a citizen of the State of New Jersey and has its principal place of business in Murray Hill, New Jersey.

29.     For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Covidien is a citizen of the State of New Jersey and has its principal place of business in Dublin, Ireland.

---

[4] It appears that Plaintiff Baker's residency changed from Florida to Oklahoma between the filing of the Petition and the Amended Petition.  *See Seybold v. BBC AF Management/Development, LLC*, 2021 WL 1671965, at *1 (W.D. Okla. 2021) ("Citizenship is determined at the time the petition is filed in state court as well as at the time of removal." (citations omitted)).

## III.   REMOVING DEFENDANTS HAVE SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

30.     The District Court of Oklahoma County, Oklahoma is located within the Western District of Oklahoma, see 28 U.S.C. § 116(c), and venue for this action is proper in this Court because the Western District of Oklahoma is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1446(d).

31.     Removing Defendants will promptly file a copy of this Notice with the Clerk of the District Court of Oklahoma County, Oklahoma, as required by 28 U.S.C. § 1446(d).

32.     Immediately following the filing of this Notice of Removal, a written notice of the filing of this Notice will be delivered to Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

33.     Defendant Johnson & Johnson received a copy of the Amended Petition and a summons on May 26, 2022, attached hereto as Ex. 6.

34.     Defendant Ethicon, Inc. received a copy of the Amended Petition and a summons on May 31, 2022, attached hereto as Ex. 7.

35.     Removal is timely because this Notice of Removal is being filed within thirty (30) days after receipt by a defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based and, in any event, within one year of the commencement of this action as required by 28 U.S.C. § 1446(b).

36.     No previous application has been made for the relief requested herein.

37.     The Removing Defendants have conferred with Bard (served on May 24, 2022), which has indicated that it consents to removal.  Attached as Ex. 8 is Bard's Consent to Removal.

38.     Covidien has not been served with process.  Thus, the only other Defendant that has been served consents to removal.

39.     By removing this action to this Court, Removing Defendants do not waive any defenses, objections, or motions available under state or federal law. Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12, including but not limited to untimely service, lack of jurisdiction, improper venue, and failure to state a claim for which relief may be granted.

WHEREFORE, Removing Defendants hereby give notice that the matter bearing the case number CJ-2020-967 currently pending in the District Court of Oklahoma County, Oklahoma, is removed to this Court pursuant to 28 U.S.C. § 1332 & 1441 *et seq.* Defendants request that this Court retain jurisdiction for all further proceedings in this matter until such time as it is transferred to MDL No. 2846.

*s/Amy Sherry Fischer*
Amy Sherry Fischer-OBA# 16651
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
amyfischer@oklahomacounsel.com

**ATTORNEYS FOR DEFENDANT
JOHNSON & JOHNSON AND ETHICON,
INC.**

## CERTIFICATE OF SERVICE

[X] I hereby certify that on this __13th__ day of June, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel M. Delluomo
Delluomo & Crow, PA
6812 N. Robinson Avenue
Oklahoma City, OK 73116
Telephone:  405-843-0400
Fax:  405-843-5005
monty@delluomo.com

*Attorneys for Plaintiffs*

*s/Amy Sherry Fischer*